IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as Personal Representative
of the ESTATE OF HENRY TOTTER,
deceased,

       Plaintiff,

v.                            No. 1:16-cv-00785

UNITED STATES OF AMERICA, acting
through its Agency, the Department of Veterans
Affairs/Veterans Administration,

       Defendant.

## COMPLAINT FOR MEDICAL NEGLIGENCE, MEDICAL MALPRACTICE AND WRONGFUL DEATH

COMES NOW Plaintiff, Lee Hunt, as Personal representative of the Estate of Henry Totter, deceased, by and through his attorneys, Guebert Bruckner P.C. (Christopher J. DeLara, David C. Odegard and Elizabeth M. Piazza), and for his Complaint for Professional Negligence, Medical Negligence and Medical Malpractice, states as follows:

### <u>JURISDICTION</u>

1.    This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C §§ 1346(b) and 2671-2680 *et.seq* ("FTCA").

2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

3.    Plaintiff is a resident of, and the acts and omissions that are the subject of this action occurred in the State of New Mexico.

4.      Pursuant to 28 U.S.C. § 2679(d), this action shall be brought in the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

5.      All conditions precedent to bringing this action have occurred or have been performed.  On October 13, 2015, Plaintiff filed an Administrative Tort Claim for Damage, Injury or Death with the Office of Regional Counsel for the Department of Veterans Affairs pursuant to 28 U.S.C. §§ 2672 and 2675(a).

6.      On or about April 11, 2016, the Department of Veterans Affairs, offered an amount that was unsatisfactory given the negligent and/or wrongful acts and omissions of Defendant which resulted in death.

7.      Mr. Totter's death is the result of the negligent or wrongful acts or omissions, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the acts or omissions occurred.

## PARTIES AND VENUE

8.      Plaintiff Lee Hunt is the duly appointed personal representative of Henry Totter through his appointment as Personal Representative of Henry Totter's wrongful death estate, pursuant to the New Mexico Wrongful Death Act by Order of the State of New Mexico, County of Santa Fe, First Judicial District.

9.      At all material times herein, Mr. Totter was a resident of Albuquerque, Bernalillo County, New Mexico.

10.     Pursuant to 28 U.S.C. § 2679(d), any action against a federal employee acting within the scope of his office or employment at the time of the incident out of which the claim arose shall be deemed an action against the United States, and the United States shall be substituted as the party defendant.

11.     The actions of Defendant giving rise to these claims arose at the Raymond G. Murphy VA Medical Center ("VA Medical Center"), located at 1501 San Pedro Dr. SE, Albuquerque, New Mexico 87108.  The VA Medical Center is a Joint Commission accredited facility, operated under the Veterans Health Administration.

12.     The staff at the VA medical center, including but not limited to, physicians, nurses, medical technicians, and administrative staff, were federal employees acting within the course and scope of their employment when the injuries, including the death of Mr. Totter, occurred.

13.     Venue is proper.

**STATEMENT OF FACTS**

14.     On September 27, 2014, Mr. Totter suffered a fall at his home and was taken to the VA Medical Center for evaluation.

15.     As part of the initial evaluation that performed, the hospital staff performed a fall risk assessment using the Morse Fall Scale.

16.     The Morse Fall Scale is a method of assessing a resident's likelihood of falling and takes into account certain variables of a patient's pervious health history to determine the risk level of fall.  According to the Morse Fall Scale, a score of 46+ indicates that there is a high risk of falling.

17.     Mr. Totter was given an initial score of 60, and, in fact, throughout his stay at the medical center, Mr. Totter's score never fell below 60.

18.     According to the progress notes on the date of admission, the medical center agreed to implement interventions, including observations and family education, in addition to standard markings on the patient's chart, bed and room.

19.     The Nursing Care Plan, dated September 28, 2014, also lists Mr. Totter as a high fall risk.  The fall risk intervention notations indicate that Mr. Totter's high fall risk issue was ongoing.

20.     The progress notes dated September 30, 2014 indicate that a caregiver could be made available to help Mr. Totter at home, but it also notes that it was questionable whether Mr. Totter would require too much care for the home caregiver because "he could barely stand."

21.     Despite the VA Hospital's clear knowledge of Mr. Totter's high fall risk, an additional note on September 30, 2014 indicates that Mr. Totter would continue to be monitored at a frequency of every hour.

22.     On or about October 1, 2014, Mr. Totter suffered an overdose of morphine. According to the progress notes of the same date, the staff could not specify the amount of morphine that Mr. Totter was given.  The notes state that Mr. Totter received "3 doses of 15mg morphine sustained release morphine and *multiple* doses of IV push morphine in the last 24 hours."

23.     At or about the same time, Mr. Totter's fall risk score was increased to 80, yet no additional fall risk interventions were implemented.

24.     While the progress notes indicate that mobility assistance was required, no description of the assistance was discussed any further.

25.     On or about October 2, 2014, Mr. Totter's fall risk was changed to 75, yet no changes were made to the fall risk intervention.

26.     On or about October 3, 2014, the progress notes list Mr. Totter's fall risk score at 75.  The notes indicate that Mr. Totter, "over estimates or forgets limitations, not realistically assessing ability to go to bathroom or ambulate."

27.     The fall risk interventions that were supposed to be implemented at this time included: frequent observation; moving Mr. Totter closer to the nurses' station, yellow arm bank; fall leaf symbol outside of Mr. Totter's room, at the head of his bed, and on unit information board; and patient and family education.

28.     Despite the interventions, Mr. Totter suffered an unwitnessed fall on or about October 3, 2014, which resulted in injuries and ultimately, Mr. Totter's death.

29.     Approximately 20 minutes prior to the unwitnessed fall, Mr. Totter stated that he wanted to go to the bathroom, and "with 2+ assist, attempted to get patient up, but he was too weak.  Advised patient to lie on his side and go on chux pad and we would immediately clean him up.  Patient agreed."

30.     Nonetheless, 20 minutes later, the hospital staff heard a loud noise in Mr. Totter's room.  They found him lying on the floor face up.  According to the nurse's notes, Mr. Totter had tripped on his catheter and fell.

31.     This fall was not witnessed by any doctors, nurses or staff.

32.     Mr. Totter suffered, among other things, rib fractures and a left hip fracture as a result of the unwitnessed fall, and he verbalized that he was in significant pain and suffering. The progress notes are replete with the pain and suffering Mr. Totter verbalized he was experiencing at this time.

33.     Mr. Totter died on October 5, 2014.  The death certificate lists Mr. Totter's cause of death as accidental from complications from blunt hip and chest trauma.

34.     The Death Investigation Summary of the Office of the Medical Investigator indicated that "the rib and hip fractures likely caused severe pain which would contribute stress on his already poorly functioning heart."

35.     According to the Death Investigation Summary, Mr. Totter's trauma at the time of his death included (1) fractures of the right lateral/posterior 8th to 10th ribs; (2) left intratrochanteric femur fracture; and (3) large contusion on right flank.

36.     Despite the VA Hospital's own assessment and knowledge of Mr. Totter's high risk for falling, as well as the identification of the need for interventions, Mr. Totter was not provided with appropriate supervision, nor were there any appropriate precautions taken.

37.     At least two of the three traumatic injuries that Mr. Totter suffered as a result of the unwitnessed fall and which contributed to his premature death, could have and should have been prevented by intervening measures for patients.

## COUNT I – MEDICAL NEGLIGENCE

38.     Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

39.     At all material times, Defendant is the substitute party for the federal employees, agents, apparent agents, and/or contractors of the VA Medical Center, who were responsible for providing medical care and treatment to Mr. Totter.

40.     In caring for Mr. Totter, Defendant had a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified healthcare providers practicing under similar circumstances.

41.     Defendant failed to possess or apply the knowledge, skill or care ordinarily used by reasonably well-qualified healthcare providers practicing under similar circumstances.

42.     Defendant was aware of Mr. Totter's risk of falling, but failed to take appropriate action.

43.     The conduct of Defendant deviated from applicable standards in the following ways, but not by way of limitation:

a.     Failing to provide Mr. Totter with the standard of medical care due a patient;

b.     Negligently acting outside the scope of expertise and medical specialty without proper training or certification;

c.     Failing to properly acknowledge that Mr. Totter was at risk of harm and falling; and

d.     Failing to apply standard accepted medical techniques with regard to caring and treating patients at risk of harm and falling.

44.     As a proximate result of the acts or omissions of Defendant, Mr. Totter:

a.     Suffered pain;

b.      Suffered severe bodily injuries;

c.      Required medical care and associated costs, such as x-rays and visits to the emergency room, which otherwise would not have been necessary but for the negligence of Defendant;

d.      Incurred pain and suffering associated with these injuries and the pain and suffering associated with the indignity of not being adequately cared for by Defendant as healthcare providers; and

e.      Died as a result of the injuries he sustained while in Defendant's care.

## COUNT II – HOSPITAL NEGLIGENCE

45.      Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

46.      At all material times, Defendant is the substitute party for the federal employees, agents, apparent agents, and/or contractors of the VA Medical Center, who were responsible for providing medical care and treatment to Mr. Totter.

47.      In caring for Mr. Totter, Defendant had a duty to use ordinary care to avoid or prevent what a reasonably prudent hospital would foresee as an unreasonable risk of injury to another.

48.      In caring for Mr. Totter, Defendant had a duty to possess and apply the knowledge and to use the skill and care ordinarily used in reasonably well-operated hospitals under similar circumstances, giving due consideration to the locality involved.

49.     Defendant failed to possess or apply the knowledge, skill or care ordinarily used by reasonably well-operated hospital operating under the same or similar circumstances, giving due consideration to the locality involved.

50.     The conduct of Defendant deviated from applicable standards in the following ways, but not by way of limitation:

a.      Failing to provide Mr. Totter with the standard of medical care due to a patient;

b.      Negligently acting outside the scope of expertise and medical specialty without proper training or certification;

c.      Failing to properly acknowledge that Mr. Totter was at risk of harm from falling;

d.      Failing to apply standard accepted medical techniques with regard to caring and treating patients at risk of harm from falling;

e.      Failing to properly acknowledge, treat and address Mr. Totter's medical condition;

f.      Failing to communicate alternatives to treatment;

g.      Failing to provide adequate staff, adequately paid staff, and adequately trained staff to care for patients such as Mr. Totter, with the full knowledge that such inadequate staffing practices would place patients such as Mr. Totter at risk for injuries;

h.      Negligently hiring, retaining and supervising staff with the full knowledge that such negligent staffing practices would place patients such as Mr. Totter at risk for injuries;

i.      Failing to provide and implement proper care plans that would adequately meet Mr. Totter's needs, including his risk for falling;

j.      Allowing Mr. Totter to remain unattended, unmonitored, and uncared for despite his known medical condition;

k.      Failing to provide a safe environment;

l.      Failing to ensure that Mr. Totter received adequate supervision and care;

m.      Failing to have adequate and effective policies, procedures, staff and equipment to adequately supervise and care for Mr. Totter;

n.      Failing to provide services and activities to attain or maintain the highest practicable physical, mental and psycho-social wellbeing of Mr. Totter in accordance with a written plan of care;

o.      Failing to adequately monitor Mr. Totter; and

p.      Failing to prevent harm to Mr. Totter from unsafe and hazardous conditions.

51.     As a proximate result of the acts or omissions of Defendant, Mr. Totter sustained damages and death.

## COUNT III – GENERAL NEGLIGENCE

52.     Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

53.     At all material times, Defendant is the substitute party for the federal employees, agents, apparent agents, and/or contractors of the VA Medical Center, who were responsible for providing medical care and treatment to Mr. Totter.

54.     At all material times, Defendant owed a duty of care to Mr. Totter to act as, among others, reasonable and prudent physicians, nurses, medical technicians, and administrators in evaluating and providing care to Mr. Totter.

55.     Defendant breached this duty and, therefore, was negligent.

56.     Defendant was negligent in the following ways, but not by way of limitation:

    a.      Failing to provide adequate services and care;

    b.      Failing to properly administer or direct staff to provide adequate services and care;

    c.      Failing to establish adequate care planning and/or failing to ensure such care planning was followed;

    d.      Failing to ensure adequate supervision of Mr. Totter;

    e.      Failing to adequately staff and/or supervise the staff of Defendant; and

    f.      Failing to have adequate policies and procedures in place and/or failing to follow such policies and procedures.

57.     As a proximate result of the acts or omissions of Defendant, Mr. Totter sustained damages and death.

## COUNT IV – WRONGFUL DEATH

58.     Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

59.     At all material times, the federal employees, agents, apparent agents, and/or contractors, were acting within the course and scope of their employment in providing medical care and treatment to Mr. Totter.

60.    Defendant was negligent in the care and services it provided to Mr. Totter.

61.    Defendant failed to use ordinary care in providing the appropriate treatment, care and safety that a reasonable and prudent person and/or facility would have provided under the same or similar circumstances.

62.    Defendant breached its duty by failing to ensure that Mr. Totter received adequate and proper care and supervision in an appropriate manner.

63.    As a direct and proximate result of Defendant's actions and/or inactions, Mr. Totter suffered physical and psychological pain and suffering, and ultimately death.

64.    At all material times, Defendant is the substitute party for the federal employees, agents, apparent agents, and/or contractors of the VA Medical Center, who were responsible for providing medical care and treatment to Mr. Totter.

65.    Mr. Totter sustained injuries and damages while he was in the care of Defendant.

66.    Accordingly, Defendant is liable for the injuries and damages Mr. Totter sustained while under the care of Defendant.

## COUNT V – CIRCUMSTANTIAL EVIDENCE OF MEDICAL NEGLIGENCE (*RES IPSA LOQUITUR*)

67.    Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

68.    At all material times, the federal employees, agents, apparent agents, and/or contractors, were acting within the course and scope of their employment in providing medical care and treatment to Mr. Totter.

69.     Defendant had a duty to properly manage and control the medical care and treatment provided to Mr. Totter.

70.     Defendant proximately caused Mr. Totter's injuries and damages, which was their responsibility to manage and control.

71.     Mr. Totter's injuries and damages are of the kind that would not ordinarily occur in the absence of negligence on the part of Defendant.

72.     Accordingly, the doctrine of *res ipsa loquitur* is available as a proper theory of negligence, causation, and damages and is properly pled herein.

## DAMAGES

73.     Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

74.     As a direct and proximate result of the negligent actions of Defendant enumerated above, Plaintiff seeks the following damages:

a.     Loss of household services and other pecuniary losses;

b.     Physical and emotional pain and suffering and other debilitating pain including death;

c.     Past medical expenses;

d.     Loss of enjoyment of life;

e.     Pre-judgment and post-judgment interest;

f.     Costs of bringing suit; and

g.     For such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein requests judgment against Defendant for damages and such other relief as permitted by law against Defendant.

GUEBERT BRUCKNER P.C.

By      */s/ Elizabeth M. Piazza*
Christopher J. DeLara
David C. Odegard
Elizabeth M. Piazza
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
cdelara@guebertlaw.com
dodegard@guebertlaw.com
epiazza@guebertlaw.com
*Attorneys for Plaintiff*

F:\Clients\7500.013cf\Pleadings\Complaint (001).docx/jty